IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEMETRYE WILKINS,** 3:17-cv-01099-BR

    Plaintiff, OPINION AND ORDER

v.

**BRANDMAN UNIVERSITY,**

    Defendants.

**BETH ANN CREIGHTON**
**LAURA KOISTINEN**
Creighton & Rose, PC
Powers Building
65 S.W. Yamhill Street, Suite 300
Portland, OR 97204
(503) 221-1792

    Attorneys for Plaintiff

**J. MICHAEL PORTER**
**MATTHEW A. TRIPP**
Miller Nash Graham & Dunn LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503) 224-5858

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff's Motion (#61) to Compel. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

On July 14, 2017, Plaintiff Demetrye Wilkins filed a Complaint against Brandman University, his former employer, alleging claims for

(1) Race discrimination relating to events that occurred from October 2014 to February 2016 in violation of Title VII, 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and Oregon Revised Statutes § 659A.030(1)(a) and (b) and

(2) Retaliation against Plaintiff for opposing discrimination relating to events that occurred from October 2014 to February 2016 in violation of Title VII, 42 U.S.C. § 2000e-3; Oregon Revised Statutes § 659A.030(f); and Oregon Revised Statutes § 659A.199.

On April 9, 2018, Magistrate Judge John Jelderks granted Plaintiff's Unopposed Motion for Extension of Discovery and PTO Deadlines and directed discovery to be completed by July 12, 2018.

On July 26, 2018, Magistrate Judge John Jelderks granted Plaintiff's Unopposed Motion for Extension of Discovery and PTO

Deadlines and directed discovery to be completed by September 10, 2018.

On September 28, 2018, two weeks after the close of discovery, the parties filed a Joint Motion to Stay Case Deadlines while they conducted a settlement conference. Magistrate Judge Jelderks granted the Motion on October 1, 2018.

On January 16, 2019, the parties engaged in a settlement conference, but they did not settle the matter.

On February 14, 2019, Plaintiff filed a Motion for Extension of Discovery and PTO Deadlines in which he sought an extension of time to reopen discovery to depose two witnesses (Phillip Doolittle and Dana Gelfand) and to serve an unspecified number of document requests. Defendant opposed Plaintiff's Motion on the ground that the Court has already given Plaintiff "ample opportunity to obtain the information [he seeks] by discovery in [this] action." Fed. R. Civ. P. 26(d)(2). Specifically, Defendant noted discovery had been open for 376 days during which time Plaintiff took nine depositions and received 1,412 pages of documents from Defendant. In addition, Defendant asserted Plaintiff had more than enough time to depose Gelfand and to seek additional documents because Gelfand was identified as a witness with "[k]nowlege of plaintiff's conduct, performance, and work environment and the decisions to discipline plaintiff" in Defendant's initial disclosures, which were served on Plaintiff

3 - OPINION AND ORDER

on October 25, 2017.  Plaintiff did not explain why he could not have deposed Gelfand in the 320 days between his receipt of initial disclosures and the September 10, 2018, discovery deadline.  Defendant conceded it did not identify Doolittle in its initial disclosures, but explained Doolittle is Defendant's Executive Vice Chancellor of Finance and Administration and Chief Financial Officer.  Doolittle was not Plaintiff's supervisor or manager, and the only evidence concerning his involvement in the events underlying this case is that he was informed of and concurred with the pending termination of Plaintiff's employment.  Nevertheless, Plaintiff learned about Doolittle's limited involvement in the events at issue during depositions that took place on June 13 and 14, 2018.  Plaintiff, however, failed to depose Doolittle in the 88 days between depositions and the September 10, 2018, discovery deadline.  Finally, Defendant noted Plaintiff knew about the additional documents that he eventually sought in his Motion and was aware of both witnesses by July 26, 2018, at the latest as established by the fact that Plaintiff's counsel referred to them in conversation with defense counsel at that time.

On February 20, 2019, Magistrate Judge Jelderks denied Plaintiff's Motion to Reopen Discovery, but he granted Plaintiff leave to depose Doolittle and Gelfand no later than April 15, 2019.

On March 4, 2019, the matter was reassigned to this judicial officer.

On April 9, 2019, the Court held a Rule 16 Conference and set a deadline of May 7, 2019, for dispositive motions.

On May 7, 2019, Defendant filed a Motion for Summary Judgment.

On May 24, 2019, Plaintiff filed a Motion (#61) to Compel. The Court took Plaintiff's Motion to Compel under advisement on May 31, 2019.

## **DISCUSSION**

In his Motion to Compel Plaintiff moves the Court to compel Defendant to produce documents responsive to Plaintiff's Request for Production Numbers 1, 4, and 5.

Defendant objects to Plaintiff's Motion to Compel on the grounds that it raises issues that were already decided by Magistrate Judge Jelderks, it is untimely, and it seeks to compel production of documents that Defendant has already produced and documents that are not responsive to Plaintiff's discovery requests or required by Local Rule 26-7.[1]

This Court considers the following factors when determining whether an untimely motion to compel should be allowed:

---

[1] Because the Court concludes Plaintiff's request is untimely and is not in the best interests of the parties or the Court, the Court does not address Defendant's other arguments.

5 - OPINION AND ORDER

>           (1) the length of time since the expiration of the
>           deadline, (2) the length of time that the moving
>           party has known about the discovery, (3) whether
>           the discovery deadline has been extended, (4) the
>           explanation for the tardiness or delay,
>           (5) whether dispositive motions have been
>           scheduled or filed, (6) the age of the case,
>           (7) any prejudice to the party from whom late
>           discovery was sought, and (8) disruption of the
>           court's schedule.

*Short v. Equifax Info. Servs. LLC*, No. 3:14-CV-0471-YY, 2016 WL 6683563, at *3 (D. Or. Nov. 14, 2016).

I.  **Length of Time since the Expiration of the Deadlines**

As noted, on July 26, 2018, Magistrate Judge Jelderks issued an Order directing the close of discovery by September 10, 2018, which was 256 days before Plaintiff filed the current Motion to Compel. Thus, discovery closed two weeks before the parties sought a stay of the case deadlines for purposes of settlement negotiations, and the ensuing settlement conference was deemed unsuccessful almost a month before Plaintiff filed his Motion to Compel.

"[N]umerous courts within the Ninth Circuit have denied discovery motions filed after the close of discovery as untimely." *Short*, 2016 WL 6683563, at *3 (citations and quotations omitted). *See, e.g., Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 428675, at *2 (D. Nev. Feb. 4, 2014)("It has, however, long been the policy in this District that, absent unusual circumstances, discovery motions should be filed before the scheduled date for filing dispositive

6 - OPINION AND ORDER

motions."); *Kizzee v. Walmart, Inc.*, No. CV10-0802-PHX-DGC, 2011 WL 3566881, at *1 (D. Ariz. Aug. 15, 2011)(denying the plaintiff's motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, No. CV-09-2152-PHX-SMM (LOA), 2010 WL 4602935 (D. Ariz. Nov. 5, 2010)(denying as untimely the defendants' motion to compel that was filed a month after the deadline for bringing discovery disputes to the court's attention).

The Court finds this factor favors denying Plaintiff's Motion to Compel.

## II. Length of Time Plaintiff Has Known about the Discovery

Plaintiff asserts he became aware of the documents that he seeks when they were "mentioned in the depositions of defense witnesses." Specifically, Plaintiff references the deposition testimony of Madiha Chughtai, Laura Mumford, and Felicia Royce. The record, however, reflects Plaintiff's counsel deposed those witnesses in June 2018. Plaintiff, therefore, knew or should have known about the discovery that he seeks for more than 330 days before he filed his Motion to Compel.

The Court finds this factor favors denying Plaintiff's Motion to Compel. *See, e.g., Krause*, 2014 WL 428675, at *3 (denying motion to compel because the plaintiff knew about the discovery 160 days before she filed the motion).

7 - OPINION AND ORDER

### III. Discovery Deadline Extended

As noted, Magistrate Judge Jelderks extended the discovery deadline in this matter twice and permitted Plaintiff to take two depositions well after the close of discovery.

The Court finds this factor favors denying Plaintiff's Motion to Compel.

### IV. Explanation for the Delay

Plaintiff does not offer any explanation for his failure to file this Motion to Compel within the discovery period or before Defendant filed its Motion for Summary Judgment.

The Court finds this factor favors denying Plaintiff's Motion to Compel.

### V. Dispositive Motions Filed

On April 9, 2019, this Court held a Rule 16 conference and scheduled a dispositive motion deadline of May 7, 2019. Defendant filed a Motion for Summary Judgment on May 7, 2019. Plaintiff did not file his Motion to Compel until May 24, 2019, which is more than two weeks after both the dispositive-motion deadline and the date on which Defendant filed its dispositive motion.

The Court finds this factor favors denying Plaintiff's Motion to Compel.

### VI. Age of the Case

This case is almost two years old and involves events that

occurred from October 2014 through February 2016.

The Court finds this factor favors denying Plaintiff's Motion to Compel.

### VII. Prejudice to Defendant and Disruption of the Court's Schedule

Defendant notes Plaintiff's repeated extensions, disputes about issues such as the propriety of this district court's form of stipulated protective order and document subpoenas, and Plaintiff's late deposition of Doolittle and Gelfand have "significantly increased the time and cost associated with the case." In addition, if the Court grants Plaintiff's Motion it will have to extend the dispositive-motions deadline in this already two-year-old case. The Court is charged in Federal Rule of Civil Procedure 1 with promoting the "just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's request would delay this matter further and increase the costs to both parties.

The Court finds this factor favors denying Plaintiff's Motion to Compel.

### IX. Balance

As noted, all of the factors that the Court must consider favor denying Plaintiff's Motion. In summary, therefore, the Court concludes Plaintiff's request is untimely and denies Plaintiff's Motion to Compel.

**CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion (#61) to Compel.

IT IS SO ORDERED.

DATED this 27th day of June, 2019.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge